IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA S. ROBINSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0824-M-BD |
| | § | |
| TOMMY MEEKS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is an unspecified civil action brought by Alicia S. Robinson, appearing *pro se*, against Tommy Meeks, who works for Crothall Healthcare, a company that provides services to various hospitals, including Baylor Plano. On March 20, 2012, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on May 1, 2012. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

As best the court can decipher her complaint and interrogatory answers, plaintiff appears to seek a meeting with Meeks so she can obtain employment with his company. (*See* Plf. Compl. at 1; Mag. J. Interrog. #2). Her entire complaint reads:

False Promise

> I asked the company to let me work for Tommy Meeks at baylor
> plano and the female that works for the N.H.S. she a floor tech for
> baylor plano and the payroll for Aramark female unknown Chase
> banker and cooks that wear black and white clothes another female.
> H.R. at Plano baylor ask me to leave because Tommy has a wife so
> I asked Tommy I would like eye contact with him only.

(Plf. Compl. at 1). When asked to set forth specific facts that give rise to a claim for relief against Meeks, plaintiff provided a largely incoherent explanation that included allegations of race discrimination, disability discrimination, and violations of HIPPA by Baylor Plano and Aramark, her former employer. (*See* Mag. J. Interrog. #4-5).

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, her complaint and interrogatory answers are a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Crenshaw v. Transicare, Inc.*, No. 3-10-CV-1861-O-BD, 2010 WL 5387619 at *2 (N.D. Tex. Dec. 6, 2010) (citing cases), *rec. adopted*, 2010 WL 5209305 (N.D.

Tex. Dec. 17, 2010). Dismissal is clearly warranted under these circumstances. *See id., citing Perales v. Hedrick*, No. 3-01-CV-2634-L, 2002 WL 172592 at *2 (N.D. Tex. Jan. 31, 2002), *appeal dism'd*, No. 02-10218 (5th Cir. May 17, 2002) (summarily dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] To the extent plaintiff alleges discrimination in connection with her termination by Aramark, (*see* Mag. J. Interrog. #1(d)-(e), 7, 8, 9), such a claim is barred by res judicata. Two prior discrimination lawsuits brought by plaintiff against Aramark were summarily dismissed by another judge in this district. *See Robinson v. Aramark*, No. 3-11-CV-0036-B (N.D. Tex. Apr. 13, 2011), *appeal dism'd*, No. 11-10924 (5th Cir. Nov. 9, 2011) (dismissing discrimination claim on limitations grounds); *Robinson v. Aramark Staff CEO*, No. 3-11-CV-3350-B, 2012 WL 786228 (N.D. Tex. Feb. 1, 2012), *rec. adopted*, 2012 WL 812381 (N.D. Tex. Mar. 12, 2012) (dismissing subsequent discrimination suit as duplicative).

DATED: May 7, 2012.

                                                                          JEFF KAPLAN  
                                                                         UNITED STATES MAGISTRATE JUDGE